## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALEB NUSENU,
A 207214351,

Petitioner,

    vs.

LORETTA LYNCH,
JEFF CHARLES JOHNSON,
RICARDO A. WONG,
SOUTHERN DISTRICT OF ILLINOIS
FIELD OFFICE, and
WARDEN – PULASKI COUNTY
DETENTION CENTER,[1]

Respondents.                  Case No. 15-cv-1182-DRH

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Caleb Nusenu is currently detained at the Pulaski County Detention Center located in Ullin, Illinois.  (Doc. 1, p. 1).  Proceeding *pro se*, he filed the instant Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, in order to challenge his mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1226(c).  (Doc. 1).

Nusenu is a native of Italy and a citizen of Ghana.  (*Id.* at 3).  He entered the United States as a "B2 Visitor" on or around September 29, 1999.  He has lived in the United States with his family ever since.

---

[1] The CLERK will be DIRECTED to ADD the Warden of Pulaski County Detention Facility as a respondent in this action.  The petition refers to the "Warden of Immigration Detention Facility." Because Nusenu is currently detained at the Pulaski County Detention Facility, the Court deems it appropriate to name the warden of this facility.

On November 24, 2010, Nusenu was convicted in state court of delivery of cannabis, sentenced to eighteen months of probation, and released.  (*Id.* at 4). Years after his release, on March 26, 2015, he was taken into custody by the United States Immigration and Customs Enforcement (ICE).   Removal proceedings were initiated against him because he committed a controlled substance violation.  On August 27, 2015, an immigration judge entered an order of removal to Ghana.  To date, ICE has been unable to remove Nusenu to Ghana or any other country.  He has filed an appeal with the Board of Immigration Appeals, which is pending.  (*Id.*).

Nusenu is currently detained without bond pursuant to the mandatory detention provisions of the Immigration and Nationality Act ("INA").  *See* 8 U.S.C. § 1226(c).  Section 1226(a) authorizes immigration officials to arrest, detain, and release immigrants pending their removal proceedings upon an individualized assessment for bond, parole, or other forms of supervised release.  8 U.S.C. § 1226(a).  Section 1226(c) defines a narrow class of people who are subject to no-bond, mandatory detention—namely, individuals whom immigration officials detain "when . . . released" from criminal custody for qualifying offenses.  *See* § 1226(c).

The crux of Nusenu's argument is that the individuals described in § 1226(c)(1) are subject to mandatory, no-bond detention pending their removal *only if* ICE detained them immediately following their release from state custody for an offense enumerated in the statute.  Because Nusenu was not taken into

custody by ICE immediately following his release from state custody for the enumerated offense, his mandatory detention without a bond hearing is unlawful and violates his rights to substantive and procedural due process. Nusenu seeks an immediate bond hearing or, in the alternative, a preliminary or permanent injunction against his continued unlawful detention.

Without commenting on the merits of Nusenu's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[2] of the Rules Governing Section 2254 Cases in United States District Courts, and a response shall be ordered.

However, he has named several respondents who are not proper in a § 2241 action. In *Kholyavskiy v. Achim*, 443 F.3d 946, 952-53 (7th Cir. 2006), the Seventh Circuit held that an immigration detainee raising substantive and procedural due process challenges to his "confinement while awaiting removal" could only name the person who has immediate custody of him during his detention, and not high-level ICE officials or the Attorney General. Accordingly, all defendants other than the Warden of Pulaski County Detention Center will be dismissed from this case.

### Disposition

The **CLERK** is **DIRECTED** to **ADD** the Warden of Pulaski County Detention Facility as a respondent in this action.

**IT IS HEREBY ORDERED** that Attorney General Loretta Lynch, DHS

---

[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action brought under § 2241.

Secretary Jeff Charles Johnson, ICE Field Office Director Ricardo A. Wong, and Southern District of Illinois Field Office are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the Warden of Pulaski County Detention Center shall answer the petition within thirty days of the date this order is entered.[3]  This order to respond does not preclude the respondent from making whatever waiver, exhaustion, or timeliness arguments it may wish to present to the Court.  Service upon the Warden, Pulaski County Detention Center, 20 Justice Drive, Ullin, Illinois, 62992 shall constitute sufficient service.

Pursuant to Federal Rule of Civil Procedure 4(i), the **CLERK** is **DIRECTED** to send a copy of the letter constituting service, petition, and this Order to the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, and to send a copy of the letter constituting service, petition, and Order via registered or certified mail to the United States Attorney General in Washington, D.C., and to the United States Department of Homeland Security.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and

---

[3] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.

respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  November 13, 2015**

Digitally signed by Judge David R. Herndon
Date: 2015.11.13 16:21:25 -06'00'

**United States District Court**