IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CALEB NUSENU,

        Petitioner,

vs.                                             Civil No.  15-cv-1182-DRH-CJP

WARDEN of PULASKI COUNTY
DETENTION FACILITY,

        Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

    Petitioner Caleb Nusenu filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 challenging his detention by Immigration and Customs Enforcement (ICE).  In response to this Court's recent order, respondent filed a status report stating that petitioner has been removed to his native country, Ghana, and requesting dismissal of this case for lack of subject matter jurisdiction.  See, Doc. 13.

### Relevant Facts and Procedural History

    According to respondent, petitioner is a native of Italy and a citizen of Ghana who entered the United States on a visitor visa in 2009.  He remained in this country illegally after the expiration of his visa.  In 2010, he was convicted of two separate drug offenses in Illinois.  In 2015, ICE took him into custody and initiated removal proceedings.  Petitioner was denied bond by an Immigration Judge following a bond hearing.  He is now subject to a final order of removal.

See, Doc. 11.

The §2241 petition asserts that petitioner was not properly subject to mandatory detention under 8 U.S.C. §1226(c), and his continued detention without a bond hearing violates his right to due process of law. The relief sought is a fair bond hearing and release from unlawful detention.

## Analysis

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna*, 118 S. Ct. 978, 983 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer*, 118 S. Ct. at 983 (internal citation omitted).

Petitioner was removed to Ghana on February 23, 2016. See, Warrant of Removal and Verification of Removal, Doc. 13, Exs. 1 & 2.

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh

Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the situation here. Petitioner has received the relief sought, i.e., release from ICE custody.

## Conclusion

The petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 (Doc. 1) is moot. This action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**DATE:   April 23, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.04.23 10:01:25 -05'00'

**UNITED STATES DISTRICT COURT**